IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No.: 1:07-cr-248 |
| TROY WILLIAM NEVILLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Troy William Neville's motion for a reduction in sentence. For the following reasons, the Court will deny this motion.

## I. BACKGROUND

On February 22, 2007, Sergeant Ken Fornshill of the United States Park Police was patrolling the George Washington Memorial Parkway in the Eastern District of Virginia. While driving through Dangerfield Island Park, Sgt. Fornshill observed a black Mercury car backed into a parking space marked "Front End Parking Only." As Sgt. Fornshill entered the parking lot, the black Mercury began to drive forward, passing the cruiser. At this point, Sgt. Fornshill stopped his vehicle.

Despite rainy weather conditions, the driver of the Mercury, later identified as Troy William Neville, quickly exited his vehicle and approached the cruiser. Sgt. Fornshill ordered Mr. Neville back into his car. Upon approaching the car, Sgt. Fornshill noticed the presence of a female passenger, later identified as Ashton L. Dove. Sgt. Fornshill observed that Ms. Dove was holding a plastic lighter and that her hands were visibly shaking. Mr. Neville's hands were also visibly shaking.

While Mr. Neville stated that he had a Virginia driver's license, he was unable to produce it during the stop. Sgt. Fornshill made multiple attempts to verify Mr. Neville's possession of a Virginia driver's license, but to no avail. Eventually it was determined that Mr. Neville's Virginia license was suspended. Sgt. Fornshill thereafter placed Mr. Neville under arrest.

A search incident to arrest revealed that a water pipe made out of a plastic bottle and tubing was located under the passenger seat. Sgt. Fornshill also found a plastic container with the word "Beneful" on it. Inside the container he found $131 in cash, and a large rock of suspected crack cocaine. A field test confirmed that the substance was crack cocaine. Additionally, a search of Mr. Neville's person produced a piece of plastic from inside his left sock that also contained a small amount of suspected crack cocaine.

The crack cocaine received from Neville's sock was submitted to the Drug Enforcement Agency ("DEA") for further testing. The DEA Laboratory, through accepted scientific methods and procedures, verified that the substance was crack cocaine and calculated the amount to be 0.14 grams. The other substance seized from the plastic container found in the vehicle was also submitted to the DEA Laboratory for further testing. The DEA identified this substance as 6.10 grams of crack cocaine.

Mr. Neville admitted to possessing and controlling the drugs mentioned above. Specifically, during a meeting with his Probation Officer, Mr. Neville stated that the drugs were in his car from the "night before" and that he "forgot they were in there." Presentence Investigation Report at 7.

On March 14, 2008, the Defendant waived prosecution by indictment and pled guilty to a one-count criminal information charging him with unlawfully, knowingly, and intentionally possessing 0.14 grams of crack cocaine in violation of 21 U.S.C. § 844(a). The statutory

sentencing range associated with this charge was a term of imprisonment of not less than 90 days but not more than three years.[1] Additionally, Mr. Neville faced a minimum fine of $5,000, a maximum fine of $250,000, a special assessment of $100, and up to one year of supervised release.

Mr. Neville was sentenced by this Court on March 14, 2008. The Court found that Mr. Neville constructively possessed the 6.10 grams of crack cocaine found in the plastic container in addition to the amount that he pled guilty to possessing, which was the 0.14 grams of crack cocaine confiscated from his sock. As a result, the Court imposed a sentencing enhancement for relevant conduct under U.S.S.G. § 1B1.3 (2008). Because Mr. Neville was attributed with possessing a total of 6.24 grams of crack cocaine, he qualified for an Adjusted Offense Level of 24. *See* U.S.S.G. § 2D1.1(c)(8) (Adjusted Offense Level of 24 is appropriate when the defendant possesses "[a]t least 5G but less than 20G of Cocaine Base.").

The Court then awarded Mr. Neville a three-point reduction for Acceptance of Responsibility. Given that Mr. Neville qualified for a Criminal History Category II because he was convicted in 1995 for making false statements to a licensed firearms dealer, his Sentencing Guidelines range was 41 to 51 months. However, as mentioned above, the statutory maximum sentence for the offense Mr. Neville pled guilty to was only 36 months. As a result, the Court departed below the advisory Guidelines' recommendation and sentenced Mr. Neville to 24 months of imprisonment.

On December 18, 2008, Mr. Neville, acting *pro se*, moved this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that the Court violated his Fifth and

---

[1] The statutory sentencing range was enhanced under the statute from "not more than 1 year" to "not less than 90 days but not more than 3 years" because Mr. Neville had been previously convicted on three separate occasions for possessing marijuana under the laws of Pennsylvania and Virginia. Title 21, United States Code, Section 844(a) provides for such enhancements when a defendant has prior drug convictions.

Sixth Amendment rights because he pled guilty to possessing only 0.14 grams of crack cocaine base but was sentenced for possessing 6.24 grams. He contends that in considering the additional 6.10 grams of crack cocaine found in the plastic container, the Court improperly relied on "new criminal facts . . . not alleged in the indictment, and which [were] not admitted in open court, on the record." Had the Court sentenced him based solely on possession of the 0.14 grams of crack cocaine, Mr. Neville argues, his Guidelines range would have been six to 12 months (Base offense level 12 with a two-level reduction for Acceptance of Responsibility), rather than the 24-month sentence imposed by the Court. Accordingly, the Defendant asks this Court to reduce his 24-month sentence to eight months and order his immediate release from prison. Finally, Mr. Neville asserts that his Sixth Amendment right to receive effective assistance of counsel was violated.

## II. ARGUMENT

### A. Mr. Neville's 18 U.S.C. § 3582(c)(2) Motion for Retroactive Application of Sentencing Guidelines

Title 18, United States Code, Section 3582(c)(2) provides that a court "may reduce the term of imprisonment" for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Here, Mr. Neville argues that his sentencing range was lowered by Amendment 706 of the United States Sentencing Guidelines ("U.S.S.G."), a provision intended to eliminate the sentencing disparity between crack-cocaine and powder-cocaine convictions. Mr. Neville urges the Court to apply this provision retroactively to his sentence.

Importantly, the effective date of Amendment 706 was November 1, 2007. U.S.S.G. Supplement to Appendix C, Amendment 706. Furthermore, the United States Sentencing

Commission voted on December 11, 2007 to give Amendment 706 retroactive effect. The effective date of this retroactive effect was March 3, 2008. U.S.S.G. Supplement to Appendix C., Amendments 706 & 712 (2008).

The Court did not sentence Mr. Neville, however, until March 14, 2008. Thus, Mr. Neville received the benefit of the reduced Sentencing Guidelines range under the new § 2D1.1(c)(8). Because the statutory provision that Mr. Neville seeks to have applied retroactively was actually applied to his sentence, his 18 U.S.C. § 3582(c)(2) motion must fail.

**B. Mr. Neville's 28 U.S.C. § 2255 Motion**

While *pro se* Defendant Neville moves for retroactive relief under 18 U.S.C. § 3582(c)(2), his request to have his sentence reduced substantively raises a 28 U.S.C. § 2255(a) issue. Because it is the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions," *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003), the Court will also consider Mr. Neville's present motion as a motion for a reduced sentence under § 2255(a).

Section 2255(a) states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In deciding a § 2255 motion, the Court is not required to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988).

As mentioned above, Mr. Neville argues that the Court erred by sentencing him for possession of 6.24 grams of crack cocaine base when he pled guilty to possessing only 0.14 grams of the drug. This error, Mr. Neville argues, violated his Fifth and Sixth Amendment rights, and also violated the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2004). For the following reasons, the Court rejects this argument.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." 530 U.S. at 490. Similarly, in *Booker*, the Supreme Court held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244.

Here, the statutory maximum for the offense Mr. Neville pled guilty to was three years, or 36 months. However, the sentenced imposed on Mr. Neville by the Court was 24 months. Because this sentence was less than the allowable statutory maximum, Mr. Neville's claim for relief under *Apprendi* and *Booker* fails.

Mr. Neville also argues that the Court should not have relied on the additional 6.10 grams of crack cocaine base to enhance his sentencing range under the U.S.S.G. The U.S.S.G. direct courts to consider all relevant conduct in determining the quantity of drugs for which a defendant is responsible. U.S.S.G. § 1B1.3. In determining relevant conduct, the court may consider any relevant and reliable evidence before it. *United States v. Bowman*, 926 F.2d 380, 381-82 (4th Cir. 1991).

However, a court may not rely on evidence, including drug evidence, in conducting its relevant conduct analysis unless it finds that the Government has proven these facts by a preponderance of the evidence. *See United States v. Brooks*, 524 F.3d 549, 562 (4th Cir. 2008) ("a sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence."); *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1991) (the Government has the burden of establishing the amount of drugs used for such sentencing calculations by a preponderance of the evidence). But while "a sentencing court is free to calculate the advisory Guidelines range using facts that it finds by a preponderance of the evidence, including individualized drug quantities, it must do so within the confines of the applicable statutory range." *United States v. Brooks*, 524 F.3d 549, 560 n.20 (4th Cir. 2008). Finally, the Fourth Circuit has stated that it will affirm a sentence if "it is within the statutorily prescribed range . . . and is reasonable." *United States v. Hughes*, 401 F.3d 540, 546-47 (4th Cir. 2005).

The Fourth Circuit provided an instructive hypothetical example in *Brooks*, a leading Sentencing Guidelines case, which helps illustrate the rules identified in the previous paragraph. *See Brooks*, 524 F.3d at 560 n.20. In *Brooks*, the court explained:

> if a properly instructed jury determines the quantity of crack attributable to a . . . defendant to be 5 grams or more, the sentencing court would be free to find, by a preponderance of the evidence, additional drug quantities for use in determining that defendant's advisory Guidelines range. And, it would be permissible for such drug quantities to exceed the 5 grams already found by the jury. The only limitation on the court's drug quantity finding would be that the resulting sentence is circumscribed by the statutory maximum of 40 years (and minimum of 5 years), which was fixed by the jury's threshold drug quantity finding.

*Brooks*, 524 F.3d at 560 n.20.

Here, Mr. Neville possessed 6.24 grams of crack cocaine base by a preponderance of the evidence. When questioned by the United States Probation Officer about the crack cocaine found on his person and in the vehicle, "[t]he defendant accepted responsibility for the

possession and control of the drugs . . . . Specifically, the defendant stated during his initial meeting with [the U.S. Probation Officer] the drugs were in his car from the 'night before' and that he 'forgot they were in there.'" Presentence Investigation Report at 7. Based upon these admissions, Mr. Neville received the benefit of a three point sentencing reduction for Acceptance of Responsibility under § 3E1.1 of the U.S.S.G.

Because Mr. Neville possessed 6.24 grams of crack cocaine by a preponderance of the evidence, the Court was proper in relying on this drug quantity in the sentencing calculations. *See Brooks*, 524 F.3d at 560 n.20. However, the Guidelines range that resulted from using the 6.24 gram value in the calculations was 41 to 51 months. As a result, the low end of this range (41 months) exceeded the statutory maximum for the offense Mr. Neville pled guilty to (36 months). Not wanting to violate *Apprendi*, *Booker*, and *Brooks*, the Court departed downward from the Guidelines range and imposed a sentence of 24 months, which was well below the statutory maximum sentence.[2]

Additionally, Mr. Neville's sentence must be reasonable in order to be valid. *See Hughes*, 401 F.3d at 546-47. The Court concludes that the sentence was reasonable. As mentioned above, Mr. Neville's sentence was reduced far below what the Guidelines already recommended. Second, Mr. Neville was a repeat offender, as he had previously been convicted for drug possession and for making false statements to a licensed firearms dealer in an attempt to purchase a firearm.[3] Third, the Court found that Mr. Neville possessed a significant quantity (6.24 grams) of a dangerous drug (cocaine base). Given these facts, the Court believes that its sentence of 24 months for Mr. Neville was entirely appropriate.

---

[2] The Court's sentence also exceeded the statutory minimum sentence of 90 days.
[3] Mr. Neville was incarcerated for 24 months and received 2 years of supervised release for his firearms offense.

In sum, because Mr. Neville possessed 6.24 grams of crack cocaine base by a preponderance of the evidence, and since Mr. Neville's sentence fell within the statutorily prescribed range and was reasonable, the Court will not reduce the sentence under 28 U.S.C. § 2255(a). Furthermore, because the "files and records" of this case conclusively support this result, the Court will not hold a hearing on this matter. *See* 28 U.S.C. § 2255(b).

## C. Mr. Neville's Ineffective Assistance of Counsel Claim

While Mr. Neville asserts an ineffective assistance of counsel claim, he provides no facts, explanations, or reasons to support this claim. He merely states in his motion, "Petitioner claims that his Sixth Amendment right to receive effective assistance of counsel was violated."

To succeed on a collateral review, ineffective assistance of counsel claims are required to meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The *Strickland* test requires a petitioner to prove both (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice. *Id.* at 687-91. Mr. Neville's claim fails under this analysis because he made no effort to prove either of these two elements. Specifically, he fails to highlight any specifics about unprofessional or deficient conduct of his attorney. Mr. Neville also does not articulate any concrete prejudice that he suffered as a result of his attorney's actions. Instead, he merely made a bald and unsupported statement that his Sixth Amendment right to receive effective assistance of counsel was violated. Because the burden of proof lies with Mr. Neville to meet the elements of the *Strickland* test, and since he offered no argument or proof regarding these elements, his ineffective assistance of counsel claim must fail. *See Strickland*, 466 U.S. at 686; *see also United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005) ("unsubstantiated and largely

conclusory statements fall far short of carrying [petitioner's] burden of persuasion as to the two elements of the test outlined in *Strickland*.").

### III. CONCLUSION

For the foregoing reasons, Defendant Neville's motion for a reduction in sentence shall be denied.

Entered this 10th day of July, 2009

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge